The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an opinion regarding the disbursement of monies collected pursuant to A.C.A.27-14-313 for the Highway Improvement Fund. Your specific question is as follows:
 To whom may the county treasurer disburse monies from the Highway Improvement Fund created under Arkansas Code Annotated 27-14-313?
As you have noted, 27-14-313 specifies the purpose for which a county, city or town may use monies in the Highway Improvement Fund, i.e., "construction, maintenance and repair of public highways and highway structures or for the installation and maintenance of traffic control devices thereon within the respective jurisdictions." Your question, however, appears to address to whom these funds may be paid.
It is my opinion that, assuming the proper procedures have been followed for the disbursement of county funds generally, monies from the Highway Improvement Fund may be disbursed to those who provide services or goods for the "construction, maintenance, and repair of public highways and highway structures" or for the "installation and maintenance of traffic control devices thereon."
Arkansas Code Annotated 21-6-310 requires that "all fees, fines, penalties, and other moneys collected by any . . . county employee shall be . . . placed in the county general fund." The disbursement of county general funds must, in general, be preceded by an appropriation of the quorum court and be approved by the county judge. Article 7, section 28 of the Arkansas Constitution vests jurisdiction over all matters relating to the disbursement of money for county purposes in the county courts. Amendment 55, section 3 grants power to the county judge to approve disbursements of appropriated county funds. See also Mears, Co. Judge v. Hall, 263 Ark. 827,569 S.W.2d 91 (1978).
Arkansas Code provisions pertaining to county purchasing also provide that agents of counties shall make no contract on behalf of the county unless an appropriation has been previously made therefor (A.C.A. 14-20-106 (1987)), and that no money shall be paid out of the treasury until the same shall have been appropriated by law and then only in accordance with such appropriation (A.C.A. 14-14-1102(b)(2)(C)(i) (1987)). Section 14-23-104 (1987) provides that no moneys appropriated by the quorum court from a tax levied or from any other source shall be paid out of the county treasury, except on an order duly made by the county court, while in session, and entered upon the records of its proceedings. See also A.C.A.14-14-1105(b)(5) (1987) (jurisdiction of the county court shall include county financial activities). Additionally,14-14-1102(b)(2) (1987) provides that, before approving vouchers for payment of county funds, the county judge must determine that there is a balance of funds in the pertinent appropriation, that the expenditure is in compliance with the purposes for which the funds are appropriated, that all state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure, and that the goods or services for which the expenditure is to be made have been rendered and the payment has been incurred in a lawful manner and is owed by the county. Accordingly, acquisitions must generally be preceded by an appropriation of the quorum court and approved by the county judge.
The issue of purchases by county officials also requires reference to the county purchasing law, which is codified at A.C.A. 14-22-101 to -115 (1987 Cum. Supp. 1991). It is unlawful for any county official to make purchases with county funds in excess of $5,000 unless the method of purchasing prescribed in these Code provisions, including formal bidding (A.C.A. 14-22-108) and approval by the county court (A.C.A.14-22-112), is followed. A.C.A. 14-22-102(a). These provisions do not apply, however, to any purchases under $5,000, or to purchases of certain exempt commodities. A.C.A.14-22-102(b). The exempt commodities are set forth under A.C.A. 14-22-106 (Cum. Supp. 1991). The county court must issue its order of approval before a purchase that is governed by the purchasing law may be made, and before a claim can be paid or warrant issued. A.C.A. 14-22-112.
In sum, it appears that provided the procedures are followed for an appropriation by the quorum court and approval by the county judge, monies from the Highway Improvement Fund may be disbursed to those who provide services or goods for the "construction, maintenance, and repair of public highways and highway structures" or for the "installation and maintenance of traffic control devices thereon." Without more specific facts, however, this office cannot offer a conclusive determination with regard to any particular proposed payee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh